Labauve, J.
On the 18th November, 1857, the plaintiff, by public act, acknowledged to be justly indebted to the defendaut in the sum of $400, for which he gave his promissory note, payable in two months, and to secure tbe payment of said note, he executed a special mortgage on certain lots of ground.
On the 10th of June, 1858, an order of seizure and sale was granted, •and duly notified, and served by the sheriff upon the plaintiff in person on the same day. The writ issued and the property levied upon, but no sale was effected, and it was returned by order of the seizing creditor’s attorney. The matter stood in statu quo, until the 6th July, 1867, when a new writ issued, and was enjoined on the 10th August, 1867, on two grounds:
1. That plaintiff is entitled by the act of the Legislature, 22d Decemr her, 1865, to the exemption therein mentioned, as he has no other property to support his wife and family than that seized, and he is entitled to a homestead.
2. That the writ of seizure and sale could not issue on the judgment of the 10th June, 1858, because it has been prescribed by the lapse of five years.
The injunction was perpetuated, and the defendants appealed.
The act, to exempt from seizure and sale a homestead and other property, (extra session of 1865, p. 52,) reads thus:
* * * That jn addition to the property and effects now exempt from seizure and sale under execution, 160 acres of ground and the buildings and improvements thereon, occupied as a residence, and bona fide owned *245 by the debtor, having a family, or mother or father, or person or persohs dependent on him for support. * * *
This law is relied on by plaintiff, in support of his first ground for the injunction, and the testimony brings him within the dispositions of the act.
The question is then: can this statute have effect upon the mortgage executed in favor of defendants, on the 18th November, 1857, and be in accordance with the Constitution of 1864, Art. 109, reading thus?
“No«s post facto law, nor any law impairing the obligations of contracts shall be passed; nor vested rights be divested, unless, for purposes of public utility, and for adequate compensation previously made.”
When this debtor entered into this transaction, he contracted two obligations: One, the principal, by giving his note, promising to pay money; the other, accessory, by giving a mortgage upon the property to secure the payment.
Mortgage is a right granted to the creditor over the property of his debtor for the security of his debt, and gives him the power of having the property seized, and sold in default of payment. O. C., Art. 3945.
Mortgage is a species of pledge, the thing mortgaged being bound Tor the payment of the debt or fulfillment of the obligation. U.G., Art. 3946.
The mortgage is an obligation, but called accessory to a principal obli gation. C. C., Art. 3251. .,
At the time this debtor gave this mortgage, the law said to the creditor: In default of payment of your debt by the debtor, you shall have the right to seize and sell the mortgaged property to pay the debt out of the proceeds. Now, can, under the Constitution, the homestead statute hold an opposite language in saying, that mortgaged property is exempt from seizure and sale, and is reserved as a residence for the debtor and his family? We think not. It would be impairing the obligation of that contract in its most essential part, by taking away the means by which the defendant creditor could make his money, and upon the faith of which he contracted with his debtor, who, it is alleged, has no other property. Laws can prescribe only for the future. O. C., Art. 8. Heunen, p. 782, (c.) This homestead law, having been passed subsequently to the contract between these parties, cannot affect the rights of the seizing creditor in this ease. 6 N. S. 589. 12 L. 352. ■ •
The plea of prescription cannot avail; it was interrupted by the order of seizure and sale, duly notified to the plaintiff, as we have lately decided in the case of R. K. Walker & Co. v. R. P. Lee et als., and for the reasons therein given, and the authorities quoted, we are of opinion that the note sued upon is not prescribed.
The conclusion we have come to, makes it unnecessary to pass on certain bills of exceptions taken in the case. '
It is therefore ordered and decreed, that the verdict of the jurybe set aside, and that the judgment of the court thereupon be annulled and avoided. It is further ordered and decreed, that the injunction be dissolved, and that the plaintiff and appellee and his surety on theinjunctioh bond pay in solido, one hundred dollars special damages, arid costs in both courts. ’